UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | ED CV 15-00700-AB (KKx) | Date: | October 23, 2015 |
|---|---|---|---|

| Title: | Anthony Cove v. Law Office of Rory W. Clark; Matthew J. Kumar |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR. |
|---|---|

| Cheryl Wynn | N/A |
|---|---|
| Relief Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] Order to Show Cause Why the Court Should Not Strike Plaintiff's Class Action Allegations for Failure to Comply with Local Rule 23-3

Plaintiff Anthony Cove brought this putative class action on August 10, 2015 and filed a waiver of service upon Defendants Law Office of Rory W. Clark and Matthew J. Kumar on May 14, 2015.  (Dkt. Nos. 1, 8-9.)   The parties filed their Joint Rule 26(f) Report on October 16, 2015.  (Dkt. No. 25.)   In the Joint Report, Plaintiff requests that the Court set a date for Plaintiff's Class Certification Motion that allows sufficient time for discovery of class related issues.  (*Id.* at p. 8.)   Defendants, on the other hand, "oppose the handling of this matter as a class action and ask that discovery and class certification be stayed until the ruling on Defendants' motion for summary judgment."  (*Id.*)   Neither party addresses the impact of Local Civil Rule 23-3.

Local Rule 23-3 provides:

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the proponent of the class shall file a motion for certification that the

    action is maintainable as a class action, unless otherwise ordered by the Court.

Under that rule, Plaintiff's motion for class certification was due no later than August 14, 2015 ("90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act").  Plaintiff neither moved for class certification on or before August 14, 2015 nor sought leave from this Court to continue his deadline to move for class certification on or before that date.

  It appearing to the Court that Plaintiff has failed to comply with the mandatory filing deadline set forth in Local Civil Rule 23-3, Plaintiff is **ORDERED TO SHOW CAUSE no later than November 2, 2015** why the Court should not strike Plaintiff's class action allegations pursuant to Federal Rule of Civil Procedure 12(f)(1) as immaterial in light of Plaintiff's failure to timely move for class certification or to timely seek an extension of time to file for class certification.  *See Verner v. Swiss II, LLC*, No. CV 09-5701-PA CTX, 2010 WL 99084, at *2 (C.D. Cal. Jan. 6, 2010) (striking class action allegations on courts own motion for failure to comply with Local Rule 23-3); *accord Watson v. Schwarzenegger*, 347 Fed.App'x. 282, 284-85 (9th Cir. 2009) (district court did not abuse discretion in refusing to allow Plaintiff to file class certification motion for failure to comply with Local Rule 23-3); *Montoya v. Creditors Interchange Receivable Mgmt., LLC*, No. CV 10-3037-PSG EX, 2011 WL 971341, at *2 (C.D. Cal. Mar. 16, 2011) ("because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's Complaint"); *Robertson v. FedEx Nat. Ltl, Inc.*, No. CV 09-5016-DSF FFMX, 2010 WL 10020690, at *7 (C.D. Cal. Jan. 5, 2010) (striking class allegations where "Plaintiff failed to timely file a class certification motion pursuant to L.R. 23-3 and Plaintiff's delay was inexcusable" because "Rule 12(f) authorizes the court to strike from a pleading any matter that is deemed immaterial").

  In responding to the Court's order to show cause, the Court reminds Plaintiff that he must show excusable neglect for his failure to comply with Local Rule 23-3 (Fed. R. Civ. Proc. 6(b)(1)(B)), and that "unfamiliarity with the local rules and unnecessary delay in filing his motion d[o] not constitute excusable neglect."  *Watson v. Schwarzenegger*, 347 Fed.App'x. at 285.  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect" (*Pioneer Investment Svcs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993)) and "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered."  *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

  Defendants may reply to Plaintiff's response to the order to show cause **no later than November 9, 2015**.  Neither Plaintiff's response nor Defendants' reply shall exceed 10 pages in length.  Pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 7-15, the Court finds this matter appropriate for determination without oral argument, and

CV-90 (12/02)      CIVIL MINUTES - GENERAL      Initials of Deputy Clerk CW

2

the matter will stand submitted upon receipt of Defendants' reply or lapse of time to file a reply.

Because the question of class certification significantly impacts the appropriate schedule in this matter, the Court **VACATES** the scheduling conference previously scheduled for October 26, 2015.  The Court will reset a scheduling conference upon resolution of the instant order to show cause.

**IT IS SO ORDERED.**